IN THE U.S. DISTRICT COURT OF MARYLAND
FOR DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Kristin Hoey**<br>143 Shellcove Court<br>Pasadena, Maryland 21122 | * | |
| | * | |
| *On behalf of herself and*<br>*others similarly situated* | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| v. | | Case No. _____ |
| | * | **JURY TRIAL REQUESTED** |
| **The Office, LLC**<br>t/a "The Office Bar & Grill"<br>2801 Mountain Road<br>Pasadena, Maryland 21122 | * | |
| | * | |
| **Frank Wayne Kahrs**<br>2801 Mountain Road<br>Pasadena, Maryland 21122 | * | |
| | * | |
| **Sarah Root**<br>2801 Mountain Road<br>Pasadena, Maryland 21122 | * | |
| | * | |
| **Defendants** | * | |

## COLLECTIVE ACTION COMPLAINT

Plaintiff, Kristin Hoey, on behalf of herself and others similarly situated, and through undersigned counsel, states a complaint against Defendants The Office, LLC, Frank Wayne Kahrs, and Sarah Root, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and supplemental state law claims under the Maryland's Wage and Hour Law, Md. Code Ann., Lab. & Empl. 3-401 *et seq* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. 3-501 *et seq.* ("MWPCL"), and requests a jury trial, as follows:

## Introduction

1. This is a collective action for unpaid wages, damages, and relief provided by the FLSA, 29 U.S.C. § 201 *et seq.*, the MWHL, Md. Code Ann., LE Art. § 3-401 *et seq.*, and the MWPCL, Md. Code Ann., LE Art. § 3-501 *et seq.* Plaintiff brings this action on behalf of herself and all similarly situated tipped workers who have worked at The Office Bar & Grill, located in Pasadena, Maryland. In many instances, there are incomplete or nonexistent records of the identity of the tipped workers who performed work at The Office Bar & Grill, as many persons worked some or all of their tenure just for tips and received no actual wage from Defendants.

2. The Office Bar & Grill is owned, controlled and operated by the Defendants named herein.

3. Plaintiff seeks on behalf of herself and others similarly situated, in addition to the actual sums owed in unpaid minimum wages and overtime wages, liquidated and statutory damages pursuant to the FLSA, MWHL, and MWPCL, and attorneys' fees and costs as provided under the under the FLSA, MWHL, and MWCPL.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 206, 29 U.S.C. § 207, and 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over the MWHL and MWPCL claims pursuant to 28 U.S.C. § 1367(a) because said claims are so related to the FLSA claims that they form part of the same case or controversy.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants do business within this judicial district and the events giving rise to these claims occurred in this judicial district.

## Parties

7.   Defendant The Office, LLC is a Maryland Limited Liability Corporation, and owns and operates The Office Bar & Grille restaurant/bar in Pasadena, Maryland.

8.   At all times material herein, The Office, LLC had annual gross volume of sales made or business done in an amount exceeding $500,000.00. Defendants have already admitted to this fact in previous related FLSA litigation in *Harrison et al v. The Office, LLC, et al.*, Case No. ADC 17-541 (ECF Doc. 10, ¶ 7).

9.   Defendant The Office, LLC employs at least two or more employees who are engaged in commerce, produce goods for commerce, or handle, sell, or otherwise work on goods or materials that have moved in or were produced for commerce as a single enterprise under the FLSA.

10.  For instance, there are two or more employees of The Office, LLC who negotiate and purchase food from producers and suppliers who operate in interstate commerce.

11.  The Office, LLC has employees who cook, serve, and otherwise handle food and beverages that have moved in and crossed interstate and even international boundaries.

12.  There are employees of The Office, LLC, such as the Plaintiff, who regularly sell food and beverages that has moved in interstate commerce, and who regularly process credit card transactions for customer payments.

13.  There are employees of The Office, LLC who use cleaning products, dishes, tools, utensils, napkins, menus, signage, among other items, that have moved in interstate commerce.

14.  Accordingly, subject matter jurisdiction exists because Defendant The Office, LLC is an entity covered under the FLSA. Defendants have already stipulated to this fact in previous related FLSA litigation in *Harrison et al v. The Office, LLC, et al.*, Case No. ADC 17-541 (ECF Doc. 22).

15.     Defendants also satisfy the coverage provisions of the MWHL. As a covered enterprise, Defendants have at all material times been an "employer" within the meaning of the FLSA, MWHL, and MWPCL.

16.     Defendant Frank Wayne Kahrs is, upon information and belief, an officer and owner of Defendant The Office, LLC. Defendant Kahrs is and has been actively engaged in the management and direction of employees, including the Plaintiffs, at The Office Bar & Grill bar/restaurant, including the operation of the bar/restaurant and employee pay matters, has possessed and exercised authority and discretion to fix, adjust and determine hours worked and amounts paid with respect to employees at The Office Bar & Grill, including the Plaintiff, and has possessed and exercised authority to hire and fire employees, at all material times since the opening of the bar/restaurant. Defendant Kahrs has custody and control of business records and is responsible for maintaining those records. Defendant Kahrs receives income and/or salary from Defendant The Office, LLC. At all times material herein, Defendant Kahrs has been an "employer" within the meaning of the FLSA, MWHL, and MWPCL. Defendant Kahrs is jointly and individually liable for damages to the Plaintiffs, under the FLSA, MWHL, and MWPCL.

17.     Defendant Sarah Root is, upon information and belief, the general manager of Defendant The Office, LLC. Defendant Root is and has been actively engaged in the management and direction of employees, including the Plaintiff, at The Office Bar & Grill bar/restaurant, including the operation of the bar/restaurant and employee pay matters, has possessed and exercised authority and discretion to fix, adjust and determine hours worked and amounts paid with respect to employees at The Office Bar & Grill, including the Plaintiff, and has possessed and exercised authority to hire and fire employees, at all material times since the opening of the bar/restaurant. Defendant Root shares custody and control of business records with Defendant

Kahr and is responsible for maintaining those records. Defendant Root receives income and/or salary from Defendant The Office, LLC. At all times material herein, Defendant Root has been an "employer" within the meaning of the FLSA, MWHL, and MWPCL. Defendant Root is jointly and individually liable for damages to the Plaintiff, under the FLSA, MWHL, and MWPCL.

18. As further detailed below, Plaintiff Hoey worked at The Office Bar & Grill. This work was performed during the relevant statute of limitations period (last three years).

19. As set forth below, Plaintiff seeks unpaid minimum wages and unpaid overtime wages, in amounts to be determined based on the evidence, as well as liquidated and statutory damages, pursuant to the FLSA, MWHL, and MWPCL, and attorneys' fees and costs as provided under the FLSA, MWHL, and MWCPL.

20. This is the third lawsuit filed against The Office Bar & Grill for unpaid wages.

21. In each prior case, workers alleged violations of the FLSA's minimum wage and overtime provisions.

22. The first case was *Parks v. Kahr*, Case No. BPG 16-2523.

23. The second case was *Harrison et al v. The Office, LLC, et al.*, Case No. ADC 17-541.

24. The *Parks* case was filed in July 2016 by one (1) worker.

25. The *Harrison* case was filed in February 2017 by five (5) workers.

25. Plaintiff in *this* case began working for the defendants in late May 2016 and worked until mid-March 2017.

26. Plaintiff's only days off were Monday and Wednesday.

27. On Tuesday and Thursday, Plaintiff came in (no later than 4:00 pm) and left between 12:00 and 2:00 am (there was a dart league on Tuesday and a pool league on Thursday).

28. On Friday, Plaintiff would from 3:00 pm to 12 to 2 am.

29. On Saturday, Plaintiff would begin work from 12 to 3 pm, and work until 12 am to 2 am.

30. On Sunday, Plaintiff would open and work from 10 am to 6 pm or 12 pm to 8 pm.

31. As a general matter, Plaintiff worked approximately 45 hours per week.

32. Plaintiff was not paid any monies, despite the existence of the ongoing *Parks* FLSA lawsuit (filed in July 2016) and the ongoing *Harrison* FLSA lawsuit filed in February 2017.

33. Plaintiff is owed at least 42 weeks of minimum wage under the FLSA & MWHL.

34. Plaintiff would also be entitled to overtime under the FLSA & MWHL.

35. Plaintiff thus estimates her minimum wage and overtime damages as follows:

   a. For her first five weeks at $8.25/hour, Plaintiff would be owed $1,650 in minimum regular wages (5x40x$8.25=$1,650.00). Additionally, she would also be owed minimum overtime wages in the amount of $309.38 ($12.375x5x5=$309.375).

   b. For her subsequent 37 weeks at $8.75/hour, Plaintiff would be owed minimum regular wage in the amount of $12,950.00 (37x40x$8.75=$12,950.00). Additionally, she would also be owed minimum overtime in the amount of $2,429.05 ($13.13x5x37=$2,429.05).

36. Plaintiff is thus owed $17,338.43, plus liquidated damages and attorneys' fees.

37. Plaintiff is but one of many workers, some of whom who have already sued, who were paid no wages whatsoever by the Defendants. Demand for payment has been made but has gone ignored.

38. Defendants willfully and flagrantly violated the right of the Plaintiff and other tipped workers by failing to properly pay wages after the *Parks* lawsuit was initiated.

39. Upon information and belief, there exists at least fifteen (15) employees of Defendants at

The Office Bar & Grille who are similarly situated to Plaintiff, who have worked for Defendants in the last three years in tipped worker positions (bartenders, servers, bussers, barbacks, foodrunners), and who have not received minimum wages and/or overtime wages, including wages at the proper rate. In many instances, the Defendants do not have records of who worked for them.

40. Plaintiff and other employees similarly situated, who received tipped income, were employees of the Defendants and not exempt under the MWHL and FLSA's minimum wage and overtime requirements.

41. By failing to pay the statutory minimum wage that was due to Plaintiff and other similarly situated tipped employees, Defendants willfully violated very clear and well-established minimum wage provisions of the FLSA. Plaintiff further alleges that the Defendants violated the minimum wage provisions of the MWHL.

42. Defendants further violated the FLSA and MWHL by failing to pay Plaintiff and other similarly situated tipped employees, overtime pay in proper amounts, when the Plaintiff and others similarly situated worked more than 40 hours in a statutory workweek. Defendants willfully violated very clear and well-established overtime provisions under the FLSA and the MWHL.

43. In addition to actual sums owed, Plaintiff seeks liquidated (statutory) damages pursuant to the FLSA, pre-judgment interest on all amounts owed under the MWHL, three times the minimum wages and overtime owed under the MWHL pursuant to the statutory damage provisions of the MWHL and MWPCL, and attorneys' fees and costs as provided under the FLSA, the MWHL and MWPCL.

## COUNT I
### (FLSA - Failure to Pay Minimum Wage)

44. Plaintiff incorporates paragraphs 1-43 as set forth above, and states that Defendants' actions complained of herein constitute a willful violation of 29 U.S.C. § 206 (minimum wage), because Defendants have at all material times failed to pay Plaintiff, and other similarly situated tipped employees, the proper minimum wage rate, free and clear of deductions and in a timely manner, by: (a) refusing and failing to pay Plaintiff and others similarly situated tipped employees any wages whatsoever; (b) by failing to provide all of the information related to Defendants' claim of a tip credit legally required to be provided by Defendants; (c) refusing and failing to pay Plaintiff and other similarly situated tipped employees for all hours actually worked; and otherwise failing to comply with the requirements of 29 U.S.C. § 203(m) and 29 U.S.C. § 206.

45. As a result, Plaintiff and other similarly situated hourly tipped employees who opt into this lawsuit, have the legal right to receive the full minimum wage, as required by Federal law and applicable Federal regulations.

## COUNT II
### (FLSA - Failure to Properly Pay Overtime)

46. Plaintiff incorporates paragraphs 1-45, as set forth above, and states, in addition, that Defendants' actions complained of herein constitute a violation of Section 207 of the FLSA, because Defendants willfully failed to pay Plaintiff and other tipped employees overtime compensation for all times that they worked in excess of forty (40) hours per week, and willfully failed to pay overtime compensation at a wage rate of at least one and a half (1 ½) times the applicable minimum wage rate that Plaintiff and others similarly situated were entitled to receive as their regular rate of pay with Defendants.

47. As a result of Defendants' actions complained of herein, Defendants willfully violated Section 207(a)(1) of the FLSA, because Defendants failed to compensate Plaintiff and other similarly situated tipped employees at a proper overtime rate, with or without the application of an invalid tip credit, for hours that Plaintiff and other similarly situated tipped employees worked in excess of forty hours in a work week at a rate of not less than one and a half (1 ½) times the applicable minimum wage as required by Federal law and Federal regulations and that Plaintiff and others similarly situated were entitled to receive as their regular rate of pay with Defendants.

48. As a result of Defendants' actions complained of herein, Plaintiff and other similarly situated tipped employees have failed to receive the overtime pay due to them, as required by Section 207 of the FLSA, 29 U.S.C. § 207.

## COUNT III
### (MWHL - Failure to Pay Minimum Wage)

49. Plaintiff incorporates paragraphs 1-48 as set forth above, and states that Defendants' actions complained of herein constitute a violation of Md. Ann. Code LE Art. § 3-413 (minimum wage), because Defendants have, at all material times, failed to pay Plaintiff the proper minimum wage rate for all hours worked, free and clear and in a timely manner, and otherwise failed to comply with the requirements of Md. Ann. Code LE Art. § 3-419.

50. As a result, Plaintiff has the legal right to receive the full minimum wage, as required by Maryland law and applicable Maryland regulations.

## COUNT IV
### (MWHL - Failure to Properly Pay Overtime)

51. Plaintiff incorporates paragraphs 1-50 as set forth above, and states that Defendants' actions complained of herein constitute a violation of Md. Ann. Code LE Art. § 3-420 (overtime) because Defendants have, at all material times, failed and otherwise refused to compensate

Plaintiff for all hours worked in excess of forty hours a work week at a rate of not less than one and a half (1 ½) times their regular rate of pay, as computed under Md. Ann. Code LE Art. § 3-420.

52. Defendants' actions complained of herein constitute a violation of Section 3-415 of the MWHL, because Defendants failed to compensate Plaintiff at a proper overtime rate for hours worked in excess of forty hours in a work week at a rate of not less than one and a half (1 ½) times the regular and applicable minimum wage as required by Maryland law.

53. As a result, Defendants owe Plaintiff overtime wages in the amount of one and a half (1 ½) times the then-applicable minimum wage established by Md. Ann. Code LE Art. § 3-413 (minimum wage), for all work weeks she worked in excess of forty hours per week.

### COUNT V
### (MWPCL Act – Unpaid Wages)

54. Plaintiff incorporates paragraphs 1-53 as set forth above, and states that the actions of Defendants, in failing to pay the Plaintiff any wages whatsoever, and in failing to pay overtime wages when earned, including payment in proper amounts, are all separate violations of the MWPCL, Md. LE Art. § 3-502(a)(ii) and § 3-505(a).

55. That the MWHL further compels each covered employer and non-exempt employee to make, as part of any working agreement, a promise to pay minimum wages and overtime wages as applicable under the MWHL.

56. That impliedly, by operation of law, Plaintiff was entitled to be paid statutory minimum wages and overtime wages by Defendants which have gone unpaid.

57. That there are no bona fide disputes between the parties as to the right of the Plaintiff to receive minimum wages or overtime wages consistent with the number of actual hours worked. That there are no bona fide disputes between the parties as to the right of the Plaintiff to be paid

in accordance with the minimum wage and overtime provisions of the MWHL in accordance with the number of actual hours worked. Defendants knew, or should have known, that it is a covered entity under the MWHL, and that Plaintiff performed work as employees for which she was not properly compensated.

58. Defendants had already been sued during the pendency of Plaintiff's employment tenure, yet they continued to not pay wages to the Plaintiff in flagrant disregard of Plaintiff's rights.

59. Plaintiff is thus entitled under MWPCL, Md. LE Art. § 3-507.2 to an award of treble damages and attorneys' fees with respect to the wages, i.e. the MWHL-mandated minimum wages and overtime wages, that have gone unpaid.

### Prayer

Based on the foregoing allegations, Plaintiff respectfully requests that this Court grant money damages in an amount to be determined by the evidence, exclusive of attorney's fees and costs; and in support thereof, requests this Honorable Court to issue the following Orders:

(a) Certify this action as a collective action pursuant to 29 U.S.C. § 216(b), and (i) compel Defendants to provide all material contact information, including email addresses, for potential opt-in Plaintiffs who performed work as tipped employees of The Office Bar & Grille receiving less than the full minimum wage ($7.25/hour); (ii) issue appropriate Notices as requested in Plaintiff's anticipated Motion for Conditional Certification; (iii) supervise the maintenance of this FLSA collective action; and (iv) supervise and enter appropriate orders allowing this matter to be tried as an FLSA collective action.

(b) Order Defendants to pay Plaintiff (and all similarly situated employees of Defendant who file an opt-in notice in this litigation), all unpaid minimum wage payments and overtime premiums determined by the Court to be due and owing, under the FLSA, MWHL, and

MWPCL, as well as a sum of liquidated damages in an amount equal to the amount of any unpaid minimum wage payments and overtime premiums awarded to Plaintiff (and all similarly situated employees of Defendants who file an opt-in notice in this litigation), pursuant to the FLSA;

(c) Order Defendants to pay the Plaintiff (and all similarly situated employees of Defendant who file an opt-in notice in this litigation), an amount equal to triple the amount of unpaid minimum wages and overtime wages owed Plaintiff (and all similarly situated employees of Defendants who file an opt-in notice in this litigation), under the MWHL, after an accounting has been performed, as Plaintiff (and all similarly situated employees of Defendants who file an opt-in notice in this litigation), is entitled to such damages under MWPCL;

(d) Award Plaintiff (and all similarly situated employees of Defendants who file an opt-in notice in this litigation), her attorneys' fees and costs in pursuing this action;

(e) Award Plaintiff (and all similarly situated employees of Defendants who file an opt-in notice in this litigation), interest on any sums determined due and owing from Defendants, including pre-judgment interest on attorneys' fees and costs in pursuing this action;

(f) Grant Plaintiff (and all similarly situated employees of Defendants who file an opt-in notice in this litigation), any additional relief that the Court deems appropriate and just.

Respectfully submitted,

/s/ Howard B. Hoffman

Howard B. Hoffman, Esq.
Attorney at Law
Federal Bar No. 25965
600 Jefferson Plaza, Suite 204
Rockville, MD 20852
(301) 251-3752
(301) 251-3753 (fax)

Attorney for Plaintiff Kristin Hoey

## Jury Demand

The Plaintiff, by her attorney, hereby demands a jury trial as to all issues triable by a jury.

*/s/ Howard B. Hoffman*
Howard B. Hoffman