IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Kristin Hoey** | * | |
| **Plaintiff** | * | |
| v. | * | Case No. 1:18-cv-01294-SAG |
| | * | |
| **The Office, LLC et al.** | | |
| | * | |
| **Defendants.** | | |
| _____/ | | |

**JOINT MOTION TO APPROVE**
**FLSA SETTLEMENT AGREEMENT**

The parties jointly move that the Court approve the attached Settlement Agreement (Exh. 1). In support of this Motion, the parties state as follows:

1. Generally speaking, "[u]nder the FLSA, 'there is a judicial prohibition against the unsupervised waiver or settlement of claims.' " *Kianpour v. Restaurant Zone, Inc., et al.*, DKC 11-0802, 2011 WL 5375082, *2 (D. Md. Nov. 4, 2011) (*quoting Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007)); *see also Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2nd Cir. 2015) ("Thus, Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect.), *Duprey v. Scotts Co. LLC,* 30 F. Supp. 3d 404, 407 n.2 (D. Md. 2014) (discussing issues of dismissal under Fed. R. Civ. P. 41(a)(1)(A) and noting that the Eleventh Circuit has held that all FLSA settlements require court approval.). "Nevertheless, '[c]laims for FLSA violations can … be settled when the settlement is supervised by the [Department of Labor] or a court.' " Id. (*quoting Taylor*, 415 F.3d at 374 (alterations in original); *see also Gionfriddo et al. v. Jason Zink, LLC, et al.*, RDB 09-

1733, 2011 WL 2791136, *2 (D. Md. July 15, 2011) ("Settlement agreements that resolve claims pursuant to the FLSA must receive court approval."). In general, Courts review FLSA settlements to ensure a fair and reasonable resolution of a bona fide dispute. *Duprey*, 30 F. Supp. 3d at 407-08.

2. Although the Fourth Circuit has not directly addressed the factors to be considered in approving FLSA settlements, "district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit" in *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). *Saman v. LBDP, Inc.,* No. DKC–12–1083, 2013 WL 2949047, at *3 (D. Md. June 13, 2013) (citing *Hoffman v. First Student, Inc.,* No. WDQ–06–1882, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010); *Lopez v. NTI, LLC,* 748 F.Supp.2d 471, 478 (D. Md. 2010)); *see also Nyamira v. Little Kampala Services, LLC*, 2018 WL 5026371 at *2 (D. Md. Oct. 17, 2018). The settlement must 'reflect[ ] a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions,' which includes a finding with regard to (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement." *Duprey*, 30 F. Supp. 3d at 408 (*citing Saman*, 2013 WL 2949047 at *3). *See also Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08–1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009); *Lane v. Ko–Me, LLC,* No. DKC–10–2261, 2011 WL 3880427, at *2–3 (D. Md. Aug. 31, 2011)). "These factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can protect [his] rights under the statute.' " *Duprey*, 30 F. Supp. 3d at 408 (*citing Lynn's Food Stores,* 679 F.2d at 1354).

3. As detailed in the Plaintiff's Complaint, this is a case involving a restaurant employee who was employed by The Office, LLC, and who alleges that she was not paid any wages, including both minimum and overtime wages. (ECF Doc. 1).

4. Defendants, on the other hand, deny Plaintiff's allegations, deny any wrongdoing, and maintain that Plaintiff has been paid all wages due to her.

5. Plaintiff, without the benefit of discovery, and based on her recollections, provided sufficient information to an expert to generate estimated damages. These damages and report were sent to Defendants.

6. Similarly, without discovery production or the benefit of depositions, Defendants provided an alternate computation based on their rough factual allegations and understandings. Moreover, Defendants, without admitting liability, offered to settle with Plaintiff at treble (3x) damages based on their provided calculation.

7. Given the case had been pending for some time, acknowledging that Plaintiff's damage calculations are based on some degree of uncertainty, to resolve the matter without further costs and litigation, and without accepting all the factual allegations underpinning Defendants' calculations, Plaintiff accepted Defendants' offer of treble damages based on Defendants' calculations.

8. As per the attached Settlement Agreement (Exh. 1), Plaintiff Hoey will recover $18,880.54, a value that represents 1.3 times her damages as calculated under Plaintiff's damage model, and treble (3x) damages as calculated under Defendants' damage model.

9. This amount represents the full amount of allegedly unpaid minimum and overtime wages with an additional thirty cents ($0.30) on the dollar in liquidated damages.

The parties represent that this value was reached through negotiations at arms-length, including protracted and vigorous negotiations over the payment and settlement terms as well as attorneys' fees, which are discussed below.[1]

10. The parties therefore agree that the Settlement Agreement represents a fair and reasonable settlement of the disputed claims at issue in this case.

11. There remain two additional issues requiring the Court's attention: (1) the maintenance of continuing jurisdiction over this case to supervise the settlement payments; and (2) approval of the Attorneys' Fees and Costs.

12. With respect to the issue of continuing jurisdiction, the parties have agreed to request that the Court maintain continuing jurisdiction over this case to supervise the settlement payments. This provision fulfills the Court's proper supervisory role in assuring that no FLSA case is dismissed absent fair and reasonable wage payment to plaintiff workers. The parties bring to the Court the following paragraph set forth in the Settlement Agreement:

> 16. CONTINUING JURISDICTION. The Parties agree, and the Court by its approval of this Agreement agrees, that the Court shall have continuing jurisdiction to enforce the terms of this Agreement, resolve any disputes arising out of the Agreement, and supervise all payments by the Defendants of all consideration to the Plaintiff and Plaintiff's counsel. Within fifteen (15) days after the last payment made to Plaintiff and Plaintiff's counsel by Defendants, the Parties agree to file a Notice of Stipulated Dismissal with the Court, dismissing this Lawsuit against the Defendants with prejudice. The Parties further agree to execute and/or have executed by their respective counsel, any such additional documents as may be reasonably necessary to effectuate the dismissal with prejudice of this Lawsuit against the Defendants.

---

[1] Plaintiff accepted the offer of $18,880.54 on July 23, 2019, but the terms surrounding settlement were not agreed upon and finalized until September 9, 2019.

13. Continuing jurisdiction and Court supervision of this settlement is required because the payment of both the settlement amount and attorneys' fees and costs are to be made in four (4) separate monthly installments.

14. By approving this Settlement Agreement, the Court is agreeing to maintain jurisdiction over this case, and once final payment is made, counsel will so notify the Court and the case shall be dismissed with prejudice. (Appropriate language is set forth in the proposed Order attached hereto to this Motion).

15. Finally, there remains the issue of Attorneys' Fees and Costs. "[W]here a proposed settlement of FLSA claims includes a provision regarding attorneys' fees, the reasonableness of the award must also 'be independently assessed, regardless of whether there is any suggestion that a conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" *Saman*, 2013 WL 2949047, at *3 (quoting *Lane*, 2011 WL 3880427, at *3); *see also Kianpour*, 2011 WL 5375082, at *3, *Nyamira*, 2018 WL 5026371, at * 4, *Cerritos v. 4806 Rugby Avenue LLC*, 2018 WL 2290706 at *3 (D. Md. May 18, 2018), *Dominguez v. Microfit Auto Parts, Inc. et al.*, 2019 WL 423403 at *4 (D. Md. Feb. 4, 2019). "In making that assessment, courts typically 'use the principles of the traditional lodestar method as a guide.'" *Lane*, 2011 WL 3880427, at *3 (citation omitted). The lodestar amount is "defined as a reasonable hourly rate multiplied by hours reasonably expended." *Riveros v. WWK Construction, Inc.*, No. PJM 15-193, 2015 WL 5897749, at *4 (D. Md. Oct. 5, 2015) (citation omitted).

16. Under the Settlement Agreement, Plaintiffs' counsel would receive $16,000.00 for Attorneys' Fees and Costs incurred. *See* Exhibit 1. Both parties submit that attorneys' fees and costs were negotiated separately and only after a resolution was

reached with respect to the Plaintiff's settlement outcomes.  Given the significant relief achieved for the Plaintiff, and the fact that fees and costs were negotiated separately and secondarily to the Plaintiff's personal outcomes, judicial scrutiny of the amount of fees and costs to be paid is unnecessary.[2]

17. Nevertheless, to the extent that the Court desire to carefully review the proposed fee and cost award for reasonableness, Plaintiff's counsel submits Declarations together with their detailed billing statement.  *See* Exhibits 2, 3 and 4.  As detailed in his billing statement, Howard B. Hoffman has worked on Plaintiff's claims at the hourly rate of $400.00,[3] and has worked 20.3 hours.  *See* Exhibit 2 and 2-A.  Jordan S. Liew, an associate attorney employed by Hoffman, who is an experienced and capable attorney admitted in the State of Maryland, worked on Plaintiffs' claims at an hourly rate of $205.00,[4] and worked 24.5 hours.  *See* Exhibit 3.  Scott E. Kraff, an associate attorney

---

[2] If a motion demonstrates that a proposed fee award was agreed upon separately and without regard to the amount paid to the Plaintiff, then unless there is reason to believe that the Plaintiff's recovery was somehow adversely affected by the amount of fees to be paid to the attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to Plaintiff's counsel.  See also *Phelps v. Detail USA, Inc.*, 2012 WL 254113, at *2 (M.D. Fla. Jan. 19, 2012) ("[W]hen attorney's fees are negotiated separately from payment to plaintiff(s), 'an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents.'") (citation omitted).

[3] Mr. Hoffman has over 19 years of relevant legal experience.  The requested hourly rate – $400 an hour – falls within the range specified by Appendix B of the Local Rules for the United States District Court for the District of Maryland and was awarded to Hoffman in *Jackson et al. v. Egira, LLC, et al.*, RDB 14-3114, 2016 WL 5815850 (D. Md. Oct. 5, 2016), where the Court overruled objections to the claimed hourly rate of $400.  Specifically, L.R. Appendix B provides that an attorney who has been admitted to the bar between fifteen and nineteen years may reasonably charge an hourly rate between $275 and $425.  This Court has previously held that Mr. Hoffman's requested rate of $400.00/hour is both "presumptively reasonable," and "reasonable considering Mr. Hoffman's years of experience in wage and hour law." *Dominguez*, 2019 WL 423403 at *6 n.4.

[4] Mr. Liew has 3 years of experience and the requested rate of $205.00/hour falls within the range listed by L.R. Appendix B(3)(a), which provides that an attorney with less than 5 years of experience bills between $150.00 to $225.00.  The requested rate is both "presumptively reasonable" for falling within the appropriate range and "reasonable considering Mr. Liew conducted the… majority of the work on the matter." *Dominguez*, 2019 WL 423403 at *6 n.4.

6

employed by Hoffman, who is an experienced and capable attorney admitted in the State of Maryland, worked on Plaintiffs' claims at the hourly rate of $205.00, and has worked 12.4 hours. *See* Exhibit 4. Additionally, Gregory B. Herbers, an associate attorney formerly employed by Hoffman who is an experienced and capable attorney admitted in the State of Maryland, worked on Plaintiff's claims at the hourly rate of $205.00, and has worked 5.3 hours. *See* Exhibit 2, ¶4. The total amount of legal fees incurred to date is $16,771.00.

18. In addition to the above, costs in this case amount to a total of $1,050.99. *See* Exhibit 2 ¶ 5; see also Exhibit 2-A. As such, the total amount of attorneys' fees and expenses incurred by Plaintiff's counsel in this litigation as of October 2, 2019 is approximately $17,821.99. *See* Exhibit 2, ¶6. (Even if the Settlement Agreement is approved, this will increase as counsel has continuing obligations in this case due to both the settlement monies and attorneys' fees and costs being paid in installments). In light of these figures, the amount of Attorneys' Fees and Costs that Plaintiff's counsel would receive under the Agreement is reasonable under the lodestar evaluation, and in fact represents a reduction and compromise in the amount of attorneys' fees and costs claimed by counsel (a discount of $1,821.99 to be precise).

19. "When all parties are represented by counsel of their choice in connection with the negotiations that led to the Settlement, there is a presumption that the Settlement was not the product of fraud or collusion." *Melendez v. Delcerq. Inc.*, 2016 WL 3387235 at *5 (D. Md., Jun. 14, 2016).

20. Here there is an absence of any credible evidence of fraud or collusion between counsel. Plaintiff and Defendants' counsel are experienced in employment

litigation, including single-party and collective-action wage and hour litigation. Their clients have agreed to the payment and terms represented in the Settlement Agreement and parties counsel have recommended that their clients accept and sign the Agreement.

WHEREFORE, the parties request that this Court approve the proposed Settlement Agreement as a fair and reasonable resolution of the parties' FLSA dispute and approve and issue the proposed Order implementing the terms of the Settlement Agreement.

Respectfully submitted,

\_\_\_/s/_____      \_\_\_/s/\_with permission_____
Howard B. Hoffman, Esq. #25965      Michael J. Neary, Esq. #17396
Jordan S. Liew, Esq. #20509      Lerch, Early & Brewer, Chartered
Scott E. Kraff, Esq. # 20899      7600 Wisconsin Ave., Suite 700
Hoffman Employment Law, LLC      Bethesda, MD 20814
600 Jefferson Plaza, Suite 204      (301) 657-0740 (phone)
Rockville, Maryland 20852      (301) 347-1790 (fax)
(301) 251-3752 (phone)      mjneary@lerchearly.com
(301) 251-3753 (fax)
hhoffman@hoholaw.com      *Counsel for Defendants*
jliew@hoholaw.com
skraff@hoholaw.com

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of October, 2019, a copy of the foregoing Joint Motion to Approve FLSA Settlement Agreement, along with all Exhibits and other attachments, was filed via the Electronic Case Filing System (ECF) maintained by the U.S. District Court for the District of Maryland, and is available for viewing and downloading from the ECF system.

_____/s/_____
Jordan S. Liew