

PLAINTIFF'S EXHIBIT 3

### IN THE U.S. DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Kristin Hoey** | * | |
|     **Plaintiff** | * | |
| v. | * | Case No. 1:18-cv-01294-SAG |
| | * | |
| **The Office, LLC et al.** | * | |
|     **Defendants.** | * | |

## DECLARATION OF JORDAN S. LIEW

1. I, Jordan S. Liew, Esq., am at least 18 years of age and competent to testify, and I am not a party to, or related to a party, in this action. I am employed by Hoffman Employment Law, LLC, and serve as an associate to Howard B. Hoffman, counsel to the Plaintiff in the above-referenced matter.

2. By way of brief background, I am an attorney in private practice, and I concentrate on employment law. I have been practicing law since 2016, after graduating from the Georgetown University Law Center. I am admitted to the Maryland bar (since 2016), the District of Columbia bar (since 2017), and was sworn into the bar of the U.S. District Court for the District of Maryland on June 22, 2018.

3. Prior to my employment with Hoffman Employment Law, LLC, I gained experience in employment law during my one-year tenure with the District of Columbia Office of Attorney General as a Charles F.C. Ruff Fellow. As an attorney with the Civil Litigation Division, I defended the District from claims of race, sex, and disability discrimination, hostile work environment, and retaliation. As an associate with Hoffman Employment

Law, I now focus almost exclusively on employment law cases, primarily those concerning unpaid wage violations involving the FLSA and related state statutes.

4. My total time in this case, through October 3, 2019, was 24.5 hours. The total value of this time is $5,022.50. I primarily played a supporting role, participating in conferences, developing strategies, revising and editing documents, including the Motion for Conditional Certification, conducting legal research on relevant issues and questions, reviewing communications between the counsel, and monitoring developments in the case. I also drafted, revised and finalized the Joint Motion to Approve FLSA Settlement.

5. I maintained my time and costs records in this case, which I placed into "Rocketmatter"© software. The time records reflect actual time that I expended in the prosecution of this litigation (the "RocketMatter" entries are not in the court's required lodestar billing format). I inputted my time promptly following work performed. I specified the time spent per task to the fullest extent practicable and I avoided the practice of block billing.

6. I have maintained time and costs records in this case, which I have placed into "RocketMatter"© software. The time records reflect actual time that I have expended in the prosecution of this litigation (the "RocketMatter" entries have not been placed into the Court's required lodestar billing format). I inputted my time promptly following work performed. To the fullest extent practical, I have specified the time spent per task, and I have avoided the practice of block billing.

7. The hourly rate claimed in this case, i.e., $205/hour, is well within the range permitted by the U.S. District Court for the District of Maryland (Lodestar Guidelines). Magistrate Judge Charles B. Day approved my requested rate and observe it was "presumptively reasonable[.]" *Dominguez v. Microfit Auto Parts, Inc. et al.*, 2019 WL 423403 at * 6 n.4

(D. Md. Feb. 4, 2019). It is also supported by primary counsel on this matter, Howard B. Hoffman, Esq., whose Declaration is marked as Exhibit 2.

**DECLARANT FURTHER SAYETH NAUGHT**

I solemnly affirm under the penalties of perjury that the contents of the foregoing declaration of true and correct.

_____
Jordan S. Liew, Esq.
October 3, 2019

3